IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| WHITNEY DAVIS, <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br> Defendant. | CIVIL ACTION NO.: 5:20-cv-93 |

## REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge Craig R. Petersen ("the ALJ" or "ALJ Petersen") denying his claim for Disability Insurance Benefits and Supplemental Security Income. Plaintiff urges the Court to reverse the ALJ's decision. Docs. 16, 18. Defendant asserts the Commissioner's decision should be affirmed. Doc. 17. For the reasons which follow, I **RECOMMEND** the Court **AFFIRM** the Commissioner's decision. I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

## BACKGROUND

Plaintiff filed an application for a Period of Disability, Disability Insurance Benefits, and Supplemental Security Income on January 20, 2017, alleging an onset date of January 20, 2016. R. 158–59.[1] On April 23, 2019, ALJ Petersen held a hearing at which Plaintiff, who was

---

[1] A transcript of the entire proceedings before the Social Security Administration appears at Document Numbers 12-1 through 12-18. Although the transcript is broken into multiple PDF documents, each with its own CM/ECF docketing number, the transcript bears individual page numbers that run sequentially through the entire transcript. Record citations in this Report (identified with "R.") are to the

represented by counsel, appeared and testified. R. 158. Michael C. Dorsey, a vocational expert, also appeared at the hearing. Id. ALJ Petersen denied Plaintiff's claim for disability after the hearing in a decision issued on June 10, 2019. R. 158–74. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. R. 1.

Plaintiff, born on May 7, 1985, was 30 years old at the time of the alleged onset date and 34 years old at the time of the ALJ's decision in 2019. R. 172. He completed high school and has past relevant work experience as a machine operator II, operating engineer, and industrial truck operator. Id.

## DISCUSSION

I.   **The ALJ's Findings**

Title II of the Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Act qualifies the definition of disability as follows:

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]

42 U.S.C. § 423(d)(2)(A). Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person meets the definition of disability. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987).

---

individual transcript page numbers. For efficiency, no reference to the CM/ECF docketing number or the respective PDF page numbers is provided here.

The first step determines if the claimant is engaged in "substantial gainful activity." Id. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Id. at 140–41. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141.

If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work, i.e., whether the claimant has the residual functional capacity to perform his past relevant work. Id.; Stone v. Comm'r of Soc. Sec., 503 F. App'x 692, 693 (11th Cir. 2013). A claimant's residual functional capacity "is an assessment . . . of the claimant's remaining ability to do work despite his impairments." Stone, 503 F. App'x at 693–94 (ellipsis in original) (quoting Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)). If the claimant is unable to perform his past relevant work, the final step of the evaluation process determines whether he is able to make adjustments to other work in the national economy, considering his age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142.

Here, the ALJ followed this sequential process to determine Plaintiff did not engage in substantial gainful activity since his alleged onset date, January 20, 2016. R. 161. At step two, ALJ Petersen determined Plaintiff has the following severe impairments: right upper extremity stab wound, status-post fasciotomy; lumbar spine mild levoscoliosis; right lower extremity fracture; status-post open reduction internal fixation with hardware removal; gout; obesity; bipolar disorder/major depressive disorder; anxiety disorder; attention deficit hyperactivity disorder; post-traumatic stress disorder; and schizoaffective disorder. Id. At the third step, the ALJ determined Plaintiff's impairment or combination of impairments did not meet or medically equal the severity of a listed impairment. R. 161–63. The ALJ found Plaintiff has the residual functional capacity ("RFC") to perform sedentary work with the following limitations: limited to pushing/pulling 10 pounds occasionally; he may only stand or walk up to 2 hours of an 8-hour workday and sit up to 6 hours of an 8-hour workday, with normal breaks; may only occasionally climb stairs and ramps but cannot climb ladders and scaffolds; may frequently balance but is limited to only occasional stooping, kneeling, crouching, and crawling; may occasionally perform overhead work and use foot controls; may frequently handle, finger, and feel; he must avoid work hazards, including unprotected heights and other workplace hazards; he is limited to simple, routine work and simple, work-related decisions, with few if any workplace changes; and may have only occasional interactions with co-workers and supervisors but no interaction with the public. R. 163–72. At the next step, the ALJ noted Plaintiff is unable to perform past relevant work. R. 172. The ALJ determined, considering Plaintiff's age, education, work experience, and RFC, there are jobs existing in significant numbers in the national economy Plaintiff could perform, such as document preparer, printed circuit board screener, and lens inserter. R. 172–73.

**II.    Issue Presented**

Plaintiff asserts the ALJ erred because he improperly rejected the opinion of Plaintiff's treating pain management physician, Dr. Carlos Oteyza.  Doc. 16.

**III.   Standard of Review**

It is well-established judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence" and whether the Commissioner has applied appropriate legal standards.  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990).  A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner.  Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005).  Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence.  Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved.  The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion.  Ingram v. Comm'r of Soc. Sec. Admin., 496 F. 3d 1253, 1260 (11th Cir. 2007).  The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence.  Dyer, 395 F.3d at 1210.  In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards.  Failure to delineate and apply the appropriate standards mandates the findings be vacated and remanded for clarification.  Cornelius, 936 F.2d at 1146.

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity.  Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding judicial review of the Commissioner's legal conclusions are not

subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982), *overruling by statute on other grounds recognized by* Lane v. Astrue, No. 8:11-CV-345, 2012 WL 292637, at *4 (M.D. Fla. Jan. 12, 2012).

**IV.   Whether the ALJ Properly Weighed Dr. Oteyza's Opinion**

Plaintiff argues ALJ Petersen erred because he rejected the opinion of Plaintiff's treating physician, Dr. Oteyza, without good cause. Doc. 16 at 10–15. Further, Plaintiff contends in rejecting Dr. Oteyza's opinion, the ALJ mischaracterized the nature of Plaintiff's impairments and his pain management treatment and the ALJ relied on his own interpretation of raw medical data. Id. at 15–18.

**A.   Legal Standard**

"Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178–79 (11th Cir. 2011) (alteration in original) (quoting 20 C.F.R. §§ 404.1527(a)(2) & 416.927(a)(2)). "The ALJ has wide latitude to determine what weight to assign to those opinions, so long as he operates within the regulatory and judicial frameworks." Zanders v. Colvin, No. CV412-182, 2013 WL 4077456, at *5 (S.D. Ga. Aug. 12, 2013).

For claims like Plaintiff's, filed before March 27, 2017, an ALJ must, in certain circumstances, give controlling weight to the medical opinion of a physician who has rendered

6

ongoing treatment to a claimant.[2]  20 C.F.R. § 404.1527(c)(2).  Specifically, the ALJ must give controlling weight to the opinion of a treating physician where the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record[.]"  Id.  A medical opinion "need not be supported directly by all of the other evidence" to be not inconsistent with the record; however, if there is "substantial evidence in the case record that contradicts or conflicts with the opinion[,]" then the opinion is not entitled to controlling weight.  Social Security Ruling 96-2p.

If the ALJ does not assign controlling weight to the medical opinion, the ALJ must consider: (1) the examining relationship; (2) the treatment relationship; (3) the degree to which an opinion is supported by evidence; (4) consistency with the record as a whole; (5) the physician's specialization related to the medical issues; and (6) any other factors that tend to support or contradict the medical opinion.  Brock v. Comm'r, Soc. Sec. Admin., 758 F. App'x 745, 750 (11th Cir. 2018) (citing to 20 C.F.R. § 416.927(c)).  "Nothing in the regulations requires the ALJ to explicitly discuss each of the factors in his or her decision."  Id.  The ALJ need only "state with particularity the weight given to different medical opinions and the reasons therefor;" if the ALJ does not do so, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence."  Winschel, 631 F.3d at 1179 (citing Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)).

The law of this Circuit has established a corollary requirement that "the testimony of a treating physician must be given substantial or considerable weight unless good cause is shown

---

[2]  For claims filed on or after March 27, 2017, adjudicators of Social Security claims are not required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [claimant's] medical sources." 20 C.F.R. § 404.1520c(a).

7

to the contrary." Lewis, 125 F.3d at 1440 (internal quotations omitted).  "Good cause exists 'when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.'" Winschel, 631 F.3d at 1179 (quoting Phillips, 357 F.3d at 1241).  "The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error." Lewis, 125 F.3d at 1440.  A court "will not second guess the ALJ about the weight the treating physician's opinion deserves so long as he articulates a specific justification for it." Hunter v. Soc. Sec. Admin., 808 F.3d 818, 823 (11th Cir. 2015).

**B.     Analysis**

The ALJ gave little weight to the opinion of Plaintiff's pain management physician, Dr. Carlos Oteyza, because the ALJ determined the opinion was not supported by Dr. Oteyza's own monthly clinical exam findings and was not consistent with Plaintiff's longitudinal examination findings, imaging studies, and reported activities of daily living.  R. 171.  ALJ Petersen further explained he discounted Dr. Oteyza's opinion because the doctor prescribed Plaintiff narcotics for several years but never ordered a drug screen, did not order additional imaging studies to determine if there were any changes to Plaintiff's condition, and relied too heavily on Plaintiff's subjective complaints.  Id.  Thus, the ALJ identified the weight he gave to the medical opinion of Dr. Oteyza and provided reasons for the weight assigned.  Further, as explained below, the Court finds the ALJ's reasons provide good cause for assigning little weight to Dr. Oteyza's opinion and those reasons are supported by substantial evidence.

Plaintiff complains ALJ Petersen failed to cite to any record evidence supporting the ALJ's assignment of weight to Dr. Oteyza's opinion.  Specifically, Plaintiff complains the ALJ

failed to point to any evidence to support the following reasons: Dr. Oteyza's opinion is not supported by his own clinical exam findings; the opinion not consistent with Plaintiff's longitudinal examination findings, imaging studies, reported activities of daily living; and Dr. Oteyza relied too heavily on Plaintiff's subjective complaints of pain.  Doc. 16 at 10, 13; Doc. 18 at 1–3.  This argument ignores the context of the ALJ's conclusions about Dr. Oteyza's opinion.  When considering ALJ Petersen's opinion as a whole, his assessment of Dr. Oteyza's opinion is supported by substantial evidence.

When determining Plaintiff's RFC, ALJ Petersen discussed Dr. Oteyza's treatment of Plaintiff at length.  R. 165–66, 170.  The ALJ pointed to medical evidence showing Plaintiff had largely normal or unremarkable exams and Dr. Oteyza reported largely normal findings during physical exams through 2019.  R. 165 (citing R. 696, 700, 703, 709, 711, 717, 791–92, 937, 942, 956, 1808, 1914, 1918, 2025).  Additionally, ALJ Petersen discussed the results of Plaintiff's imaging studies, including x-rays in 2009, 2013, 2014, and 2018 and a CT scan in 2014.  R. at 165–67, 170 (citing R. 641–42, 651–52, 658, 661, 667, 1085–86, 1089, 1897).  ALJ Petersen also discussed Plaintiff's daily activity, noting Plaintiff reported he does laundry, as well as chops wood, performs yard work, and manages his own money.  R. 169 (citing R. 524, 826).  The above-noted discussions, complete with citations, are in the same section and precede the ALJ's analysis of Dr. Oteyza's opinion.

ALJ Peterson was not required to expressly re-cite all of the evidence he just discussed in the preceding section when discussing the weight to be assigned to Dr. Oteyza's opinion.  See Prince v. Comm'r, Soc. Sec. Admin., 551 F. App'x 967, 971 (11th Cir. 2014) (citing Hutchison v. Bowen, 787 F.2d 1461, 1463 (11thCir. 1986)); Mitchell v. Comm'r, Soc. Sec. Admin., 771 F.3d 780, 782 (11th Cir. 2014) (explaining the ALJ does not need to refer to each piece of

evidence, so long as the ALJ's explanation is enough to show the reviewing court the ALJ considered the claimant's condition as a whole).  Further, even if the ALJ did not support all of his reasons for giving less weight to Dr. Oteyza's opinion with citations to the record, remand is not required, given that some of the ALJ's reasons were plainly supported by substantial evidence.  D'Andrea v. Comm'r of Soc. Sec. Admin., 389 F. App'x 944, 948 (11th Cir. 2010) (rejecting argument the ALJ failed to accord proper weight to treating physician's opinion "because the ALJ articulated at least one specific reason for disregarding the opinion and the record supports it"); Burgess v. Comm'r of Soc. Sec., No. 6:18-cv-94, 2019 WL 338668, at *7 (M.D. Fla. Jan. 28, 2019).

Plaintiff also argues Dr. Oteyza's opinion *is* supported by the record and points to evidence that contradicts the ALJ's findings.  Doc. 16 at 11–13.  However, the undersigned is not permitted to re-weigh the evidence.  Dyer, 395 F.3d at 1210 ("[The court] may not decide facts anew, reweigh the evidence, or substitute [the court's] judgment for that of the Commissioner.").  Instead, when the ALJ articulates specific reasons for giving the opinion of a treating physician less than controlling weight and those reasons are supported by substantial evidence, there is no reversible error.  Moore v. Barnhart, 405 F.3d 1208, 121 (11th Cir. 2005).

Plaintiff further argues the ALJ erred because he failed to consider Plaintiff's ability to pay when noting Dr. Oteyza did not order additional imaging or further diagnostics.  Doc. 16 at 14–15.  An ALJ errs if he does not consider the claimant's ability to pay when the claimant's failure to follow medical treatment is the primary basis for the ALJ's decision.  Ellison v. Barnhart, 355 F.3d 1272, 1275 (11th Cir. 2003).  Conversely, if the claimant's failure to follow medical treatment is not one of the principal factors in the ALJ's decision, then the ALJ's failure to consider the claimant's ability to pay will not constitute reversible error.  See id. (holding the

ALJ's failure to consider claimant's ability to pay was not reversible error because the ALJ's decision primarily was based on factors other than the claimant's failure to obtain medical treatment).  Here, the ALJ mentions the lack of additional diagnostic studies when discounting Dr. Oteyza's opinion.  R. 171.  However, this is one of eight reasons the ALJ gave for assigning Dr. Oteyza's opinion little weight.  Id.  Put simply, the ALJ did not rely solely, or principally, on the lack of imaging studies in making his determination on how to weigh Dr. Oteyza's opinion or determine whether Plaintiff is disabled.  Thus, ALJ Petersen did not err by failing to discuss Plaintiff's ability to pay for treatment, including imaging studies.  See Ellison, 355 F.3d at 1275; Beegle v. Soc. Sec. Admin., Comm'r, 482 F. App'x 483, 487 (11th Cir. 2012) ("Nonetheless, reversible error does not appear where the ALJ primarily based [his] decision on factors other than non-compliance, and where the claimant's non-compliance was not a significant basis for the ALJ's denial of disability insurance benefits.").

Plaintiff also argues ALJ Petersen mischaracterized the treatment Plaintiff received from Dr. Oteyza as conservative.  Doc. 16 at 15–16.  In a single instance, the ALJ labelled Dr. Oteyza's treatment of Plaintiff as "conservative," but that label appears to be inconsequential, and the ALJ did not rely on the label as a basis for giving Dr. Oteyza's opinion less weight.  R. 165, 171.  Because the ALJ did not rely on Plaintiff's purportedly conservative treatment when discounting Dr. Oteyza's opinion, even if this was a mischaracterization of his treatment, the error would be harmless and would not require remand.  Hunter v. Comm'r of Soc. Sec., 609 F. App'x 555, 558 (11th Cir. 2015) ("To the extent that an administrative law judge commits an error, the error is harmless if it did not affect the judge's ultimate determination.") (citing Diorio v. Heckler, 721 F.2d 726, 728 (11th Cir. 1983)).

Finally, Plaintiff complains the ALJ did not rely on a physician's opinion in making his RFC determination. Doc. 16 at 16–18. However, there is no requirement an ALJ support his RFC assessment with medical opinion evidence if an ALJ's findings are supported by relevant evidence in the record. Borges v. Comm'r of Soc. Sec., 771 F. App'x 878, 882 (11th Cir. 2019); Coppins v. Saul, No. CV4:19-188, 2021 WL 1606472, at *2 (S.D. Ga. Feb. 9, 2021), *report and recommendation adopted*, 2021 WL 1156628 (S.D. Ga. Mar. 26, 2021) ("The ALJ can distill a claimant's RFC from an amalgamation of the record as a whole, without requiring a specific medical opinion to articulate a specific functional limitation."). And Plaintiff's argument the ALJ's RFC is not supported by substantial evidence because ALJ Petersen does not rely on physicians' opinions is otherwise conclusory.

In sum, ALJ Petersen provided adequate reasons supported by substantial evidence for assigning Dr. Oteyza's opinion little weight. Winschel, 631 F.3d at 1179; Phillips, 357 F.3d at 1240–41; Eckert v. Comm' r of Soc. Sec., 152 F. App'x 784, 790–91 (11th Cir. 2005). Thus, remand is not appropriate.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **AFFIRM** the Commissioner's decision. I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection the Magistrate Judge failed to address a contention raised in the Complaint or argument raised in a brief must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v.

Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 9th day of February, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA