# In the United States District Court
# For the Southern District of Georgia
# Waycross Division

WHITNEY DAVIS,

           Plaintiff,

    v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security Administration,

         Defendant.

CIVIL ACTION NO.: 5:20-cv-93

## O R D E R

This matter is before the Court on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation dated February 9, 2022. Dkt. No. 21. In the Report, the Magistrate Judge recommended the Court affirm the Commissioner of Social Security's decision. Dkt. No. 20.

In her Objections, Plaintiff sets forth two arguments. First, Plaintiff argues the Magistrate Judge erred by concluding the Administrative Law Judge ("ALJ") properly evaluated Dr. Oteyza's opinion. Dkt. No. 21 at 1-7. Additionally, Plaintiff contends the Commissioner's final decision denying her benefits was constitutionally defective; thus, remand is required. Id. at 7-13.

Plaintiff's Objections are responsive to the Magistrate Judge's Report but are without merit. Plaintiff's Objections largely restate the arguments she made in her opening and reply briefs and express dissatisfaction with the Magistrate Judge's application of controlling law to those issues.

Specifically, Plaintiff argues the ALJ's decision to discount Dr. Oteyza's opinion is not supported by substantial evidence. Id. at 3–4, 6. Plaintiff insists ALJ Petersen failed to build a logical bridge between his determination and the evidence. First, any requirement the ALJ build a "logical bridge" has not been endorsed by the Eleventh Circuit. Instead, all that is required is the ALJ provide reasons for discounting a treating physician's opinion and those reasons be supported by substantial evidence. Ybarra v. Comm'r Soc. Sec., 658 F. App'x 538, 541 (11th Cir. 2016).

The ALJ provided numerous reasons for giving Dr. Oteyza's opinion little weight—it was not supported by his own monthly clinical exam findings, not consistent with Plaintiff's longitudinal exam findings, imaging studies, and reported activities of daily living, Dr. Oteyza did not do any drug screens despite prescribing Plaintiff narcotics, did not order additional imaging studies in a six-year window, and relied too heavily on Plaintiff's subjective complaints. As the Magistrate

2

Judge correctly concluded, there is substantial evidence supporting the ALJ's reasons.[1]

Plaintiff argues there are other good reasons to give great weight to Dr. Oteyza's opinion, dkt. no. 21 at 3-5, but even if that were correct, it would not require remand.  As long as the ALJ's decision is supported by substantial evidence, it must be affirmed, even if the evidence preponderates against the ALJ's findings.  Viverette v. Comm'r of Soc. Sec., 13 F.4th 1309, 1314 (11th Cir. 2021) (quoting Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004)).  Other than pointing to some evidence that contradicts the ALJ's decision, Plaintiff's arguments regarding the lack of substantial evidence are conclusory.  See e.g., Dkt. No. 21 at 5 (stating without support the ALJ relied heavily on Dr. Oteyza's conservative treatment); id. at 6 (asserting the reasons provided by the ALJ are not supported by substantial evidence without elaboration).  Accordingly, Plaintiff's Objection to the Magistrate Judge's conclusion the ALJ did not err in weighing Dr. Oteyza's opinion is **OVERRULED**.

As for Plaintiff's argument on the constitutionality of the Commissioner's decision, Plaintiff failed to raise this argument

---

[1]    "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

AO 72A
(Rev. 8/82)

prior to filing her Objections.  See Dkt. Nos. 16, 18.  A court need not consider Plaintiff's newly raised arguments, as she failed to present any such argument in her briefing to the Magistrate Judge.  See Williams v. McNeil, 557 F.3d 1287, 1291 (11th Cir. 2009) (approving district court's refusal to consider new argument set forth in objections where party had opportunity to present such argument to magistrate judge and failed to do so).

Plaintiff explains she did not raise an argument related to the constitutionality of the Commissioner's decision because the authority she relied on occurred after the briefing.  Dkt. No. 21 at 7.  This explanation is not compelling.  Although Plaintiff filed the Notice for Supplemental Authority, she did not include any argument with that Notice.  Additionally, Plaintiff did not ask for leave of Court to provide supplemental briefing.  Thus, the Court declines to address Plaintiffs' newly raised constitutional arguments.[2]  Accordingly, this Objection is also **OVERRULED**.

After an independent and de novo review of the entire record, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation, **ADOPTS** the Report and Recommendation as the

---

[2]    Even if the Court were to consider the argument, it would fail. Plaintiff has failed to show any connection between the purportedly unconstitutional removal provision and the ALJ's decision or the Commissioner's position in this case.

4

opinion of the Court, and **OVERRULES** Plaintiff's Objections.  The
Court **AFFIRMS** the decision of the Commissioner and **DIRECTS** the
Clerk of Court to **CLOSE** this case and enter the appropriate
judgment of dismissal.

    **SO ORDERED**, this ___7___ day of ___March___, 2022.


_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)